# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| JEFFERY M. KEITH, | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] Court No.: |
| | ] |
| EAN HOLDINGS, LLC; ENTERPRISE HOLDINGS, LLC; ENTERPRISE HOLDING CORP.; and KELVIN WONG; | ] ] ] |
| | ] |
| Defendants. | ] |

## COMPLAINT AT LAW

Plaintiff, JEFFERY M. KEITH, by and through his attorneys, GOLDBERG WEISMAN CAIRO, respectfully alleges as follows:

### Nature of the Case

1. This is a civil action for personal injuries suffered by Plaintiff, Jeffery M. Keith, against Defendants, EAN Holdings, LLC; Enterprise Holdings, LLC; Enterprise Holding Corp. ("Enterprise entities"); and Kelvin Wong. This action arises out of a motor vehicle collision on October 19, 2014 in which an Enterprise entities' vehicle operated by Kelvin Wong collided with the vehicle operated by Jeffery M. Keith. The Defendants' negligence was a substantial contributing factor in causing Plaintiff's injuries.

### Parties

2. Plaintiff, Jeffery M. Keith, is an individual and citizen of the State of Illinois.

3. Defendant, Enterprise Holdings, LLC, is a Delaware Corporation whose principal place of business is in St. Louis, Missouri. Enterprise Holdings LLC offices through the United States.

4. Enterprise Holding Corp. is a Delaware Corporation whose principal place of business is in St. Louis, Missouri. Enterprise Holding Corp. offices through the United States.

5. Kelvin Wong is a citizen of the State of Hawaii.

6. Defendant, EAN Holdings, LLC, is a Delaware Limited Liability Corporation and is a wholly-owned subsidiary of Enterprise Holdings LLC, whose principal place of business is St. Louis, Missouri.

## Venue and Jurisdiction

7. This Court has original jurisdiction over this action under 28 USC Section 1332, in that the amount of controversy exceeds seventy-five thousand dollars ($75,000.00) and Plaintiff is a citizen of a state which is difference from the state where Defendants are incorporated and have their principal places of business.

8. Venue is proper in this district, because the collision occurred in the County of DeKalb, which falls within the jurisdiction of this Court. Further, the DeKalb County Sheriff conducted an investigation at the scene of the accident, and the driver of the Enterprise entities' vehicle, Kelvin Wong, was charged with traffic offenses related to this collision in Illinois.

## The Collision

9. On or about October 19, 2014, Plaintiff, Jeffery M. Keith, was operating a motor vehicle in a generally northerly direction upon Hinkley Road at or near its

intersection with McGuirr Road, with both being public streets or highways in the County of DeKalb and State of Illinois.

10. That at the aforesaid time and place, Defendant Kelvin Wong was operating a motor vehicle in a generally westerly direction on the aforesaid McGuirr Road at or near its intersection with Hinkley Road.

11. That at the aforesaid time and place, Defendant, Kelvin Wong operated said motor vehicle as, and in the capacity of, agent, servant and/or employee of the Defendant Enterprise entities.

12. That at the aforesaid time and place, the vehicle being operated by Defendants collided with the vehicle being operated by Plaintiff.

13. That the Defendant; Kelvin Wong, and Defendant Enterprise entities, by and through their agents, servant and/or employee, became guilty of one or more of the following careless and negligent acts and/or omissions:

> (a) Carelessly and negligently operated and controlled said motor vehicle.
>
> (b) Carelessly and negligently failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of said motor vehicle.
>
> (c) Carelessly, and negligently failed to keep an adequate, Of any, lookout during the operation of said motor vehicle.
>
> (d) Carelessly and negligently operated and controlled said motor vehicle at a speed that was greater than was reasonable having regard for the traffic and the use of said highway, in violation of 625 ILCS 5/11-601.
>
> (e) Carelessly and negligently failed to bring said motor vehicle to a stop upon approaching the aforesaid intersection, in violation of 625 ILCS S/11-904(b).

(f)    Carelessly and negligently failed to yield 'the right-of-way to the plaintiff upon approaching said intersection, in violation of 625 ILCS S/11-904(c).

(g)    Carelessly and negligently failed to reduce the speed of their motor vehicle upon approaching a yield sign, in violation of 625 ILCS 5/11 904(c).

(h)    Carelessly and negligently operated and controlled said motor vehicle more closely than was reasonable and prudent, having regard for the speed of the vehicles and traffic upon said roadway, in violation of 625 ILCS 5/11-710.

(i)    Carelessly and negligently failed to operate said motor vehicle with good and sufficient brakes, in violation of 625ILCS 5/12-301.

(j)    Carelessly and negligently failed to sound its horn while operating said motor vehicle, when the use of said horn was reasonably necessary to insure the safety of the plaintiff, in violation of 625 ILCS 5/12-601.

(k)    Carelessly and negligently operated and controlled said motor vehicle with a wilful and wanton disregard for the safety of others, in violation of 625 ILCS 5/11-503(a).

(l)    Carelessly and negligently failed to stop at an all stop intersection indicated by a stop sign, in violation of 625 ILCS 5/11-1204(b)

14.    That one or more of the aforesaid careless or negligent acts and/or omissions of the Defendants was a proximate cause of the said collision and personal injuries hereinafter stated.

15.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, Plaintiff sustained severe and permanent' injuries, both externally and internally, and was and will be hindered and prevented from attending to his usual duties and affairs, and has lost and will in the future lose the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff

further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

## Demand for a Jury Trial

Plaintiff hereby demands a jury trial as to all issues to triable as a matter of right, pursuant to FRCP 38(b)(1) and 38(c).

WHEREFORE, Plaintiff, Jeffery M. Keith prays for judgment in his favor and against the Defendants, EAN Holdings, LLC; Enterprise Holdings LLC; Enterprise Holding Corp.; and Kelvin Wong, in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), and costs of this suit.

                                                        GOLDBERG WEISMAN CAIRO

                           By: /s/Daniel H. Streckert
                                DANIEL H. STRECKERT
                                Goldberg Weisman Cairo
                                One E. Wacker Drive, 38th Floor
                                Chicago, IL 60601
                                312-464-1200
                                dstreckert@gwclaw.com
                                Attorney No.: 02753367