# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **JEFFERY M. KEITH**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 4610 |
| | ) |
| **EAN HOLDINGS, LLC**; **ENTERPRISE HOLDINGS, LLC**; **ENTERPRISE HOLDINGS CORP.**; and **KELVIN WONG**, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Jeffery Keith ("Keith") has sued three corporate entities described in Complaint ¶ 1 as "Enterprise entities" plus individual Kelvin Wong ("Wong"), seeking damages for personal injuries sustained by Keith as the result "of a motor vehicle collision on October 19, 2014 in which an Enterprise entities' vehicle operated by Kelvin Wong collided with the vehicle operated by Jeffery M. Keith" (id.). Because Keith's counsel have failed to allege the requisite diversity of citizenship on which they seek to predicate federal subject matter jurisdiction, this sua sponte memorandum order dismisses both the Complaint and this action for lack of jurisdiction.

Complaint ¶¶ 7 and 15 will be credited as satisfying the over-$75,000 floor required for diversity jurisdiction under 28 U.S.C. § 1332(a),[1] while Complaint ¶¶ 2 and 5 properly set out the states of citizenship of both Keith and Wong. But the only acceptable jurisdictional

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

allegations as to the corporate defendants are those stated in Complaint ¶ 4 as to Enterprise Holding Corp. All that is said as to the other Enterprise entities is this:

> 3. Defendant, Enterprise Holdings, LLC, is a Delaware Corporation whose principal place of business is in St. Louis, Missouri. Enterprise Holdings LLC offices through the United States.
>
>     \*    \*    \*
>
> 6. Defendant, EAN Holdings, LLC, is a Delaware Limited Liability Corporation and is a wholly-owned subsidiary of Enterprise Holdings LLC, whose principal place of business is St. Louis, Missouri.

Three decades have elapsed since <u>Wis. Knife Works v. Nat'l Metal Crafters</u>, 781 F.2d 1280, 1282 (7th Cir. 1986) succinctly articulated the initial responsibility of every district judge to whom a newly-filed case is assigned:

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

In carrying out that threshold mandate, this Court has found it truly astonishing that Keith's counsel are totally unaware of the repeated iterations by our Court of Appeals (which finds the basic predicates for such reiterations in the quarter-century-old Supreme Court decision in <u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185, 189-96 (1990) and in our Court of Appeals' own decision in <u>Cosgrove v. Bartolotta</u>, 150 F.3d 729, 731 (7th Cir. 1998)) of the principle stated in this fashion in <u>Wise v. Wachovia Secs., LLC</u>, 450 F.3d 265, 267 (7th Cir. 2006):[2]

> The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members.

---

[2] Unsurprisingly the quotation that comes next in the text was followed in the <u>Wise</u> opinion by no fewer than five citations, including one to <u>Carden</u>).

In the first few years after that principle was first announced, when this Court believed that it might have been unknown to many lawyers and might perhaps have been viewed as counterintuitive by many lawyers familiar with the diversity standard as to conventional corporations as set out in Section 1332(c)(1), this Court was wont to enter an order dismissing only such an ill-considered complaint -- thus allowing for the possibility of a curative amendment. But in candor, there is no longer any even arguable justification for the error made here in the face of such a long-established and well-established doctrine. Accordingly as stated at the outset, both Keith's Complaint and this action are dismissed for counsel's failure to have established the existence of federal subject matter jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 29, 2016